**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-7103**

───────────

TIMOTHY WESLEY HALL,

　　　　　Petitioner - Appellant,

　　　v.

WARDEN, FCI WILLIAMSBURG,

　　　　　Respondent - Appellee.

───────────

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Richard Mark Gergel, District Judge.  (8:21-cv-03497-RMG)

───────────

Submitted:  August 21, 2025　　　　　　　　　　Decided:  August 25, 2025

───────────

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Timothy Wesley Hall, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Wesley Hall, a federal prisoner, appeals the district court's order accepting in part the recommendation of the magistrate judge and dismissing for lack of jurisdiction Hall's 28 U.S.C. § 2241 petition, in which Hall sought to challenge his conviction and sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction and sentence in a petition for a writ of habeas corpus pursuant to § 2241 only if a § 2255 motion would be inadequate or ineffective to test the legality of his detention. In light of the Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465, 477-80 (2023) (holding that petitioner cannot use § 2241 petition to mount successive collateral attack on validity of federal conviction or sentence), we conclude that the district court correctly determined that Hall cannot pursue his claims in a § 2241 petition. Accordingly, we affirm the district court's order. *Hall v. Warden*, No. 8:21-cv-03497-RMG (D.S.C. Nov. 13, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*